FILED
CLERK, U.S. DISTRICT COURT
2/17/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: CD DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2023 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

ISAAC AARON MORGAN LOFTUS,

Defendant.

CR No. 2:23-cr-00079-MEMF

I N D I C T M E N T

[18 U.S.C. § 922(o)(1): Possession of Machineguns; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 26 U.S.C. § 5861(i): Possession of Firearms Not Identified By Serial Number; 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c): Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(o)(1)]

Beginning on an unknown date, and continuing through on or about November 22, 2022, in Los Angeles County, within the Central District of California, defendant ISAAC AARON MORGAN LOFTUS knowingly possessed machineguns, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), that defendant LOFTUS knew to be machineguns, namely, 57 3D-printed machinegun conversion devices, each of which was designed and

intended, solely and exclusively, for use in converting a weapon into a machinegun.

COUNT TWO

[26 U.S.C. § 5861(d)]

Beginning on an unknown date, and continuing through on or about November 22, 2022, in Los Angeles County, within the Central District of California, defendant ISAAC AARON MORGAN LOFTUS knowingly possessed a firearm, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), namely, an AR-15 style, 5.56 caliber rifle, bearing no serial number (commonly referred to as a "ghost gun"), with a barrel of less than 16 inches in length, which defendant LOFTUS knew to be a rifle with a barrel of less than 16 inches in length, and which had not been registered to defendant LOFTUS in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNT THREE

[26 U.S.C. § 5861(d)]

Beginning on an unknown date, and continuing through on or about November 22, 2022, in Los Angeles County, within the Central District of California, defendant ISAAC AARON MORGAN LOFTUS knowingly possessed a firearm, as defined in Title 26, United States Code, Section 5845(a)(7), and Title 18, United States Code, Section 921(a)(25), namely, a firearm silencer, which defendant LOFTUS knew to be a firearm silencer, and which had not been registered to defendant LOFTUS in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

COUNT FOUR

[26 U.S.C. § 5861(i)]

Beginning on an unknown date, and continuing through on or about November 22, 2022, in Los Angeles County, within the Central District of California, defendant ISAAC AARON MORGAN LOFTUS knowingly possessed a firearm, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), namely, an AR-15 style, 5.56 caliber rifle, with a barrel of less than 16 inches in length, which defendant LOFTUS knew to be a rifle with a barrel of less than 16 inches in length, and which was not identified by a serial number, as required by Title 26, United States Code, Chapter 53.

COUNT FIVE

[26 U.S.C. § 5861(i)]

Beginning on an unknown date, and continuing through on or about November 22, 2022, in Los Angeles County, within the Central District of California, defendant ISAAC AARON MORGAN LOFTUS knowingly possessed a firearm, as defined in Title 26, United States Code, Section 5845(a)(7), and Title 18, United States Code, Section 921(a)(25), namely, a firearm silencer, which defendant LOFTUS knew to be a firearm silencer, and which was not identified by a serial number, as required by Title 26, United States Code, Chapter 53.

FORFEITURE ALLEGATION

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of any of the offenses set forth in this Indictment.

2. Defendant, if so convicted, shall forfeit to the United States of America the following:

a. All right, title, and interest in any firearm involved in any such offense; and

b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/

Foreperson

E. MARTIN ESTRADA
United States Attorney

ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division

DAVID T. RYAN
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section

KATHRYNNE N. SEIDEN
Assistant United States Attorney
Terrorism and Export Crimes Section